FILED
SUPERIOR COURT
OF GUAM

2021 APR 15 PM 4: 30

CLERK OF COURT

By:

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CF0132-12** |
| | GPD Report No. 12-06118 |
| v. | |
| | **DECISION AND ORDER** |
| **MUKI JOSEPH REDHART CALLAHAN,** | **DENYING THE PEOPLE'S MOTION TO** |
| DOB: 06/17/1995 | **DISMISS, WITHOUT PREJUDICE, ALL** |
| | **CHARGES INVOLVING M.J.T.** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on April 12, 2021 for hearing on the People of Guam's ("the People's") Motion to Dismiss, Without Prejudice, All Charges Involving M.J.T. ("Motion"). Assistant Attorney General Sean Brown represents the People, and Assistant Public Defender Jocelyn M. Roden represents Muki Joseph Redhart Callahan ("Defendant"). Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** the People's Motion.

## BACKGROUND

Defendant is accused of <u>Charge One</u>: *Six Counts* of First Degree Criminal Sexual Conduct (as a 1st Degree Felony), <u>Charge Two</u>: First Degree Criminal Sexual Conduct (as a 1st Degree Felony), <u>Charge Three</u>: First Degree Criminal Sexual Conduct (as a 1st Degree Felony), <u>Charge Four</u>: *Six Counts* of Second Degree Criminal Sexual Conduct (as a 1st Degree Felony), <u>Charge Five</u>: Second Degree Criminal Sexual Conduct (as a 1st Degree Felony), <u>Charge Six</u>: Second Degree Criminal Sexual Conduct (as a 1st Degree Felony), and <u>Charge Seven</u>: Second Degree Criminal Sexual Conduct (as a 1st Degree Felony). Superseding Indictment (Jun. 21, 2012). The victims in this case are K.R.F. (DOB: 04/02/2003) and M.J.T. (DOB: 01/26/2007). <u>Id</u>.

Decision and Order Denying The People's Motion To Dismiss, Without Prejudice, All Charges Involving M.J.T.
CF0132-12, *People of Guam v. Muki Callahan*
Page 1 of 4

On March 17, 2021, the People filed their Motion to Dismiss, Without Prejudice, All Charges Involving M.J.T. The People filed this Motion because M.J.T. is currently too terrified to be in the same courtroom as the Defendant, and his testimony is needed to prove the charges. Motion at 1. The Motion is without prejudice because the People believe that eventually M.J.T. will be able to conquer his fears and testify against the Defendant. Id. at 1.

On March 18, 2021, Defendant filed his Opposition to Motion and Motion to Dismiss With Prejudice, and For Expungement ("Opposition"). Defendant argued that the dismissal was an improper application of *nolle prosequi* and that a dismissal without prejudice is not authorized by law. Opposition at 2-3. Defendant also moved to dismiss the case with prejudice, arguing that the People's requested dismissal amounts to an improper delay in trial. Id. at 4-5.

On March 22, 2021, the People filed their Reply to Defendant's Opposition and Opposition to Defendant's Motion to Dismiss ("People's Reply"). The People argued that there was no delay in bringing the Defendant to trial, and that any delay was caused by the appellate process and global pandemic, not the fault of the People. People's Reply at 3.

The Court held a hearing on April 12, 2021. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

**I. A dismissal without prejudice is improper because the request is based on an abolished procedure and is not authorized by 8 G.C.A. § 80.70.**

"*Nolle prosequi* is a formal entry on the record by the prosecuting officer by which he declares that he will not prosecute the case further... as to some of the counts of the indictment... It is a judicial determination in favor of accused and against his conviction, but it is not an acquittal, nor is it equivalent to a pardon." 22A C.J.S. Criminal Law § 419 at 1 (1989). In Guam, "*nolle prosequi* is abolished, and a prosecuting attorney cannot discontinue or abandon a prosecution for any offense, except as provided in § 80.70." 8 G.C.A. § 80.80.

Under 8 G.C.A. § 80.70, the People may only file a motion for dismissal without prejudice with leave of court. 8 G.C.A. § 80.70(a) provides that:

Decision and Order Denying The People's Motion To Dismiss, Without Prejudice, All Charges Involving M.J.T.
CF0132-12, *People of Guam v. Muki Callahan*
Page 2 of 4

**The prosecuting attorney may with leave of court** file a dismissal of an indictment, information or complaint **and the prosecution shall thereupon terminate.** Such a dismissal may not be filed during the trial without the consent of the defendant. The **prosecuting attorney shall file a statement of his reasons for seeking dismissal when he applies for leave to file a dismissal and where leave is granted the court's order shall set forth the reasons for granting such leave.**

(Emphasis in bold).

In this case, the People are moving for a dismissal without prejudice as though they can do so as a matter of right. However, they are not asking that after the intended dismissal, "the prosecution shall thereupon terminate." Rather, they are requesting a hiatus in the prosecution, not a termination of it. Such a "dismissal" is simply an application of *nolle prosequi*, which is prohibited in Guam.

Furthermore, the People's requested dismissal without prejudice is not authorized by law. Section 80.70(a) uses only the word "dismissal" and makes no distinction between dismissal with prejudice and dismissal without prejudice. Elsewhere, whenever the criminal procedure code gives the prosecution the right to re-file after a dismissal, the code says so in express language. For example, if a charging document is defective, the court has discretion to hold a defendant in custody "for a specified time pending the filing of a new" document. 8 G.C.A. § 65.55. However, no such right to re-file is expressly permitted by 8 G.C.A. § 80.70. It can only be assumed the right to re-file complaints dismissed pursuant to 8 G.C.A. § 80.70(a) does not exist, or the Code would have explicitly mentioned it. Therefore, the People cannot simply move to dismiss without prejudice and re-file additional or different charges against the Defendant at some unspecified future date.

**II. There is no delay in prosecution that warrants dismissal.**

Defendant also requests the court dismisses the case due to a delay in prosecution. Opposition at 4. Guam law authorizes a trial court to dismiss a case, on its own motion, "if there is unnecessary delay in bringing a defendant to trial" 8 G.C.A. § 80.70(b). Section 80.70 also requires that the prosecutor file a statement of reasons under leave of court when seeking dismissal. 8 G.C.A. § 80.70(a). Defendant argues the People failed to meet this requirement,

Decision and Order Denying The People's Motion To Dismiss, Without Prejudice, All Charges Involving M.J.T.
CF0132-12, *People of Guam v. Muki Callahan*
Page 3 of 4

and only filed their motion to dismiss without prejudice as a way of delaying prosecution to a future uncertain time. Opposition at 4.

When analyzing a leave of court requirement, "the trial court at the very least must know the prosecutor's reasons for seeking to dismiss the indictment and the facts underlying the prosecutor's decision." *People v. Gutierrez*, 2005 Guam 19, ¶ 64.

In seeking their dismissal without prejudice, the government explained its reasoning was to allow M.J.T. the chance to work up his bravery and testify once more. Motion at 1. This is a valid reason and the dismissal wasn't requested in bad faith, to harass the Defendant, or to needlessly postpone his trial. Accordingly, the case should not be dismissed due to a delay in prosecution.

<u>CONCLUSION</u>

For the reasons stated above, the Court **DENIES** the People's Motion. The charges involving M.J.T. will neither be dismissed with nor without prejudice. The case, including all charges involving M.J.T., will continue to trial on April 19, 2021 as previously scheduled.

**IT IS SO ORDERED** this ___APR 1 5 2021___ *nunc pro tunc* April 12, 2021.



_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

___AG, PO SC___

_____
Date: 4/15/21 Time: 4:38p

Antonio A. Cruz
Deputy Clerk, Superior Court of Guam

Decision and Order Denying The People's Motion To Dismiss, Without Prejudice, All Charges Involving M.J.T.
CF0132-12, *People of Guam v. Muki Callahan*
Page **4** of 4